**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.  <u>SA CV 15-753-MMM (PLA)</u>                                    Date <u>May 21, 2015</u>

Title:   <u>Sammy Bachir Bacha v. Warden, Mule Creek State Prison, et al.</u>

---

PRESENT: THE HONORABLE   <u>PAUL L. ABRAMS</u>                ☐ U.S. DISTRICT JUDGE
                                                                                                            ☒ MAGISTRATE JUDGE

| <u>Christianna Howard</u> | <u>N/A</u> | <u>N/A</u> |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**                 **ATTORNEYS PRESENT FOR RESPONDENT:**
                        NONE                                                                              NONE

**PROCEEDINGS:**         ( IN CHAMBERS)

On May 13, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet."), with an accompanying Memorandum of Points and Authorities ("Pet. P&A"). He also filed a Motion for Stay and Abeyance ("Motion for Stay" or "Mot.").

Petitioner raises eight claims in the Petition. (Pet. P&A at 10-23). The first seven claims each allege ineffective assistance of counsel for differing reasons ("Ground One" through "Ground Seven") (Pet. P&A at 10-17), and the eighth claim alleges cruel and unusual punishment ("Ground Eight"). (Pet. P&A at 18-19).

Petitioner states that only Ground Eight has been exhausted. (Mot. at 1). He also states that the remaining seven claims, Grounds One through Seven, are pending before the Orange County Superior Court in a petition for writ of habeas corpus. (Pet. at 3-4, 7-8). Thus, the Petition is "mixed" and subject to dismissal. Petitioner requests a stay and abeyance, citing <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). (Mot. at 1).[1]

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. <u>See</u> 28 U.S.C. § 2254(b)(3).

---

   [1]   Petitioner did not include with his Petition or his Motion for Stay a copy of the petition currently pending in the Orange County Superior Court purportedly raising Grounds One through Seven. Nor does he provide a case number for that petition. (<u>See</u> Pet. at 3, 8).

---

Exhaustion requires that petitioner's contentions be fairly presented *to the state supreme court* even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

A "mixed" petition, i.e., one containing both exhausted and unexhausted claims, may be stayed pursuant to Rhines if:  (1) the petitioner has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics.  Rhines, 544 U.S. at 278 (2005); see also Wooten v. Kirkland, 540 F.3d 1019, 1022 (9th Cir. 2008).  Moreover, in Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005), the Supreme Court held that, to avoid the predicament of a petitioner finding out too late that his or her state petition was not timely filed and thus did not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2), the petitioner could "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace,  544 U.S. at 416 (citing Rhines, 544 U.S. at 278).

In his Motion for Stay, petitioner claims that he has been unable to exhaust his claims in state court because of his "psychological incapacity," and the fact that he was unable to complete "any portion of this petition" without the "help of a trusted fellow inmate."  (Mot. at 1).   He also contends that he suffered the "loss of an essentially complete [state court] petition and all its supporting documents, a loss that occurred following back to back cell searches that resulted in the confiscation and apparent destruction of virtually all of [petitioner's] legal paperwork."  (Id.).  He states that "efforts to retrieve the documents are ongoing as of this date."  (Id.).

Petitioner's Motion for Stay fails to meet the showing required by Rhines.  Although petitioner contends that his "first state petition and the documents relied upon to prepare it" were lost, he fails to provide any dates or other pertinent information regarding the alleged "back to back cell searches" that resulted in the loss of his documents, or the efforts he has made to recover those documents.  Nor does he state how this incident, or his unexplained "psychological incapacity," provide good cause for not previously exhausting Grounds One through Seven in state court, when he *was* able to exhaust Ground Eight.  The Motion for Stay also completely fails to address whether petitioner's claims are potentially meritorious, or demonstrate that petitioner has not intentionally engaged in dilatory litigation tactics.  Accordingly, petitioner's Motion for Stay is **denied without prejudice**.

Petitioner has the following options:

**Option 1:** Petitioner may request a voluntary dismissal of the entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), so that he may return to the state courts to exhaust his unexhausted claims. However, petitioner is cautioned that should he choose to dismiss the instant Petition, any subsequent federal petition may be entirely time-barred by the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety. He must also sign the form.**

**Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claims (Grounds One through Seven) and elect to proceed only on his exhausted claim (Ground Eight). However, petitioner is advised that if he elects to proceed with his exhausted claim, any future habeas petition containing his currently unexhausted claims, or other claims that could have been raised in the instant Petition, may be rejected as successive. **In order to proceed under Option 2, petitioner may use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which grounds for relief in the Petition he seeks to dismiss, and must sign the form.**

**Option 3:** Petitioner is advised that if he still desires to seek a stay pursuant to <u>Rhines</u>, he must **file a declaration, signed under penalty of perjury, requesting a stay pursuant to <u>Rhines</u>, and must also (1) provide the Court with a complete copy of the state habeas petition currently pending in the Orange County Superior Court; and (2) show good cause for not having already exhausted his unexhausted claims, demonstrate that the claims are not plainly meritless, and show that he has not intentionally engaged in dilatory litigation tactics.**

**Option 4:** Pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims (Grounds One through Seven), after which the Court would be empowered to stay his remaining fully exhausted claim (Ground Eight) while he exhausts his dismissed claims in the state courts. Petitioner is warned, however, that "[a] petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." <u>King v. Ryan</u>, 564 F.3d 1133, 1140-41 (9th Cir. 2009). In particular, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitation period if the new claim shares a "common core of operative facts" with an exhausted claim in the pending petition.[2] <u>Mayle v. Felix</u>, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). **In order to proceed under Option 4, petitioner must: (1) file a declaration, signed under penalty of perjury, selecting a stay pursuant to <u>Kelly</u>, and (2) use the attached Notice of Dismissal form to select the option dismissing only certain claims, specify which grounds for relief in the Petition he seeks to dismiss, and sign the form.**

Accordingly, **no later than June 12, 2015,** petitioner is **ordered** to show cause why the Petition should not be dismissed as a "mixed" petition. Filing by petitioner, on or before **June 12, 2015,** of a notice of dismissal **and/or** declaration, using **one** of the four options detailed above shall be deemed compliance with this Order to Show

---

[2] Although not ruling on the merits of the issue at this time, the Court notes that notwithstanding the fact that Ground Eight contains an ineffective assistance of appellate counsel component, petitioner's claims of ineffective assistance of counsel in Grounds One through Seven do not appear to share a common core of operative facts with his claim of cruel and unusual punishment in Ground Eight.

Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that the Petition be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**.  The clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

cc:     Sammy Bachir Bacha, pro se

Initials of Deputy Clerk   ch